ADAMS V. KELLOGG.*

A *feme covert* cannot devise estate to her husband.

THIS was an appeal from a judgment in the Court of Probate, establishing the will of Mary Kellogg.— The testatrix was possessed of a large real estate, which she derived from a former husband, by devise: She made her will, devising all this estate to Elias Kellogg, her then husband (except two small legacies to her brother and brother's daughter) and appointed him sole executor. This will was exhibited before the Court of Probate, proved, and established by the judge. The appellant, being the brother, and only heir-at-law of the testatrix, took an appeal.

The appellant assigned two reasons for his appeal.

1. That the testatrix, at the time of making and executing said will, was a *feme covert*, and the wife of the said Elias Kellogg, the executor and appellee in this case; and therefore the same is void and of no force.

2. That the testatrix made said will under the coercion, and in consequence of the maltreatment and compulsion of the said Elias, and for her own peace and security; therefore said will, and the probate thereof, ought to be set aside.

The appellee replied to the first reason — That said will and testament was the voluntary act and will of the testatrix, and was made by the consent of her said husband; and after the same was made, her said husband assented to it; and after the death of the said Mary, the said husband assented to the same, approved thereof, and caused said will to be proved and approved, as aforesaid.

And to the second reason — That said Mary being of sound mind and memory, made said will and testament of

*See notes pages 438-443.

her own mere motion, without any maltreatment, coercion, compulsion, solicitation, request or importunity, done, made or had by the said Elias, or any other person in his behalf.

To the first part of the reply, there was a demurrer, and joinder in demurrer; — to the second part, an issue was taken to the court.

Judgment was for the appellant. And,

By the whole COURT. With regard to the second exception to the will, we do not find proof of any particular acts of coercion, or maltreatment, used to obtain it; but the case, in this respect, is left to rest on the common presumption arising out of the condition of coverture.

As to the other exception — It is a general rule of the English common law, that a *feme covert* cannot make a will, because she is under the power of her husband, and obligations and habits of submission to him. The reason of this rule applies with special force, in case of a devise directly to the husband himself; and it holds good in all countries. The disability of a *feme covert* in this respect, at common law, is not removed by the statute of wills in this state; for it excepts persons " legally disabled," as *feme coverts* in particular, were considered at common law to be. With regard to the exceptions to this general rule, as they are laid down in the books, they do not go at all to real estate (which is the most important, as well as most convenient to be preserved for heirs) nor to other dispositions that may benefit the husband, or to obtain which might induce from him coercion or other measures, destructive of family peace and quiet. A *feme covert*, it is said, may make a will of personal

estate, with the consent of her husband; but this is only the husband giving away his own estate in compliance to his wife; or may be in compliance with a marriage settlement; and he may revoke the will before or after her death, at any time, until it be proved.

It is said also, that a *feme covert* may make a will of her things in action; but the husband can have no inducement to obtain a will of these; for he can at pleasure reduce them to possession, and make them his own without a will, at any time during the coverture.

It is further said, that a *feme covert* may make an executor of things in her hands, as executrix; but she cannot devise them.   It doth not affect the interest of her husband, nor that of her heirs, whether she make the appointment or not.

There is one case, indeed, in which a *feme covert* is admitted to have a power with her husband to dispose of real estate, but it is not by will; she may do it in England by fine, and here by deed; but this may be of necessity, for the present support and better accommodation of herself and family.   She is to be examined also before a magistrate, whether she acts freely; neither of which reasons operate in favor of her having power to dispose of her estate by will.

It is also against the general policy of the law, with regard to marriage, which makes the wife one with her husband, and disables her separately or without him, to make any contract, or do any legal act to bind his interest or her own; that she should have a power of contracting with him, or devising to him, which supposes her possessed of a contracting or disposing power, independent of him.

Wherefore, we are of opinion, that the devise, in this case,

from the *feme covert* to her husband, is void; and that the decree of the Court of Probate, approving the will, should be reversed.